The Honorable Bob Adams State Representative 320 Grant 4653 Sheridan, AR 72150-8646
Dear Representative Adams:
I am writing in response to your request for an Attorney General opinion on the following question:
 Can a licensed bail bondsman `who is considered in some respects to be an officer of the court,' also occupy the position of a civil process server for the court or is it a conflict?
RESPONSE
This would pose a conflict, in my opinion, because a licensed bail bondsman cannot also occupy the position of a civil process server without violating A.C.A. § 16-84-106, which provides as follows:
 No attorney, solicitor, or counselor at law or in equity, clerk, sheriff, chief of police, law enforcement officer, or other person concerned in the execution of any process, shall become a personal guarantor or surety in any criminal proceeding.
A.C.A. § 16-84-106 (Supp. 2001) (emphasis added).
A civil process server plainly cannot act as the surety for any defendant, according to this statute. The "surety" is "the person who becomes the surety for the appearance of the defendant in court[.]" A.C.A. § 16-84-101 (5) (Supp. 2001). Although there is authority for a person other than a licensed bail bondsman to act as the "surety" in a proceeding (see A.C.A. § 16-84-103(a) and (b)), a "professional bail bondsman" is defined by statute as "an individual . . . who acts through authority of a professional bail bond company in pledging a bail bond as security in a judicial proceeding[.]" A.C.A. § 17-19-101(6) (Repl. 2001). Thus, a civil process server cannot also be a professional bail bondsman, who by statute acts as the surety on a bail bond.
With regard to your particular question, therefore, if a licensed bail bondsman also occupies the position of civil process server, it seems clear that this will necessarily result in a violation of A.C.A. §16-84-106, quoted above.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh